HAVERON et al. v. GOELET et al.

(District Court, S. D. New York. June 4, 1898.)

SHIPPING MASTERS—SUPPLYING SEAMEN—SEAMEN'S BOARD.

Where seamen for a yacht are procured by shipping agents at the master's request, sign articles, and at the master's request are supplied with board until the master may call for them, but are afterwards discharged, the shipping agent's services and supplies are maritime, and within the jurisdiction of a court of admiralty.

This was a libel in personam by John Haveron and Michael Brennan against Mary R. Goelet and George G. De Witt, as executors of the last will and testament of Ogden Goelet, deceased, to recover for services in procuring a crew for a yacht, and in boarding them at the master's request. The cause was heard on exceptions for want of jurisdiction.

George W. Dease, for libelants.
Theodore De Witt, for respondents.

BROWN, District Judge. In determining the exceptions to the jurisdiction the averments of the libel are to be taken as true; namely, that the libelants at the request of the master of the respondents' yacht obtained the seamen for the contemplated voyage, procured them to sign an agreement in the nature of shipping articles for employment on the vessel on and after February 21, and that at the master's request, the yacht not being ready to receive the crew, the libelants procured board and lodging for them for 30 days, at which time the voyage was abandoned and the seamen discharged, in consequence of negotiations for the sale of the yacht to the United States; and that the libelants have become liable for the board of the men during this time to the amount of about $900, and were further entitled to the customary charge of $3 for each seaman shipped.

I cannot distinguish the present case from that of The Gustavia, Blatchf. & H. 189, Fed. Cas. No. 5,876, in which Judge Betts in 1830 upon almost identical facts held that the services of the libelants were not only maritime but constituted a lien upon the vessel, the ship there being foreign though the seamen never went on board. In the present case, as the yacht is a domestic vessel there is no maritime lien; but the libelants' services were maritime within the decision

in that case; and as The Gustavia seems never to have been overruled, it is my duty to follow that decision. The distinction between that case and various others in which the services are held to be not maritime is that in that case the procuring of seamen was held to be furnishing necessary supplies to the ship, i. e. the means indispensable for the contemplated voyage, and furnished at the express request of the master. It is the same here. By signing the agreement, which in the case of a yacht stands in the place of shipping articles, the seamen were virtually brought by that contract under the control and disposition of the master; and they were at all times in readiness to obey his orders. Their board while the yacht was not ready to receive them, was also at the master's request and was for the benefit of the yacht, inasmuch as from the time they were engaged to be on board, viz. February 21st, the yacht was bound to support them. The seamen were virtually delivered to the yacht and to the master as in the case of any other necessary supplies or goods, which are held to be delivered to the ship, when placed under the control of the master, whether actually on board or not.

The exceptions are therefore overruled.

On subsequent hearing of the cause the right to commission was established, but the claim for board of the seamen was disallowed, no shipping articles having been signed by the master, and otherwise no authority existing to bind the owners.